IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ESSEX INSURANCE COMPANY,

    Plaintiff,

v.                                        Civil Action No. 5:13CV115
                                                           (STAMP)

NAPPLE'S BULLPEN, LLC,
a West Virginia limited
liability company,
PATRICK MICHAEL NAPPLE,
and WHEELING COIN, LLC,
a West Virginia limited
liability company,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**CONFIRMING PRONOUNCED ORDER OF THE COURT**
**DENYING DEFENDANTS' MOTION TO DISMISS AND**
**DEFERRING RULING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

I. Procedural History

Essex Insurance Company ("Essex"), the plaintiff, filed a complaint in this Court requesting a declaratory judgment that it does not have a duty to provide coverage to the named defendants, Napple's Bullpen, LLC ("Napple's Bullpen"), Patrick Michael Napple ("Napple"), and Wheeling Coin, LLC ("Wheeling Coin"), under a commercial general liability insurance policy (Policy No. 3DF3504). The plaintiff filed this complaint in order to determine the rights, duties, and obligations of the parties under the insurance policy in regards to a state court personal injury action ("Ayers action") that had been filed by Douglas Ayers ("Ayers") against the

three defendants.  The Ayers amended complaint[1] alleges that Ayers was attacked in the parking lot of the Bullpen bar/tavern (Napple's Bullpen) after patronizing the bar.  Further, the Ayers complaint claims that the three defendants, acting in a joint venture, are liable for keeping the premises on which the attack occurred in a dangerous condition and also are liable for his injuries because they violated a West Virginia state regulation that prohibits the sale of alcohol between the hours of 3:00 a.m. and 7:00 a.m.

In lieu of an answer, two defendants, Napple's Bullpen and Napple, filed a motion to dismiss for lack of subject matter jurisdiction (this is filed as ECF Nos. 8 and 10).  The plaintiff filed a timely response in opposition to the motion to dismiss. Wheeling Coin, however, has not made an appearance in this case nor participated in any way.  Accordingly, the plaintiff filed an affidavit for entry of default.  The Clerk of Court, finding that Wheeling Coin had defaulted, entered an entry of default on December 4, 2013.  The plaintiff then filed a motion for default judgment as to Wheeling Coin with this Court under Federal Rule of Civil Procedure 55(b)(2).  This Court then scheduled an evidentiary hearing on December 19, 2013 at 3:15 p.m.  Essex, Napple's Bullpen, and Napple attended the hearing through counsel.  Wheeling Coin did not attend.  During that hearing, this Court found that it had

---

[1]The plaintiff filed an amended complaint in order to join Wheeling Coin as a defendant after discovery revealed that Wheeling Coin could possibly be liable for the alleged conduct.

jurisdiction and thus the defendants' motion to dismiss was denied. Further, this Court found that it must defer making a finding on the plaintiff's motion for default judgment against Wheeling Coin. This order sets forth those findings in more detail.[2]

## II. Facts

A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

In the plaintiff's complaint in the current action, the plaintiff claims that it is not required to provide a defense for any of the defendants, although it is currently providing a defense for Wheeling Coin in the state court action under a reservation of rights agreement. The plaintiff asserts that it does not have to indemnify Wheeling Coin under its insurance policy because the state court action is for premises liability and a violation of public safety laws. Under the insurance policy, there is an exemption of coverage for liquor liability. The plaintiff claims that the Ayers action falls within that exemption because the statutory public safety laws claimed by Ayers relate to the sale, gift, or distribution of liquor which is thus not covered. Further, the plaintiff asserts that it has no duty to the other two defendants because they were not insured under the policy. In the alternative, if the Court finds that they were, the plaintiff

---

[2]A scheduling order was also discussed during the evidentiary hearing. However, this Court has set forth the scheduling order in a separate order. See ECF No. 20.

asserts the same claims against those two defendants as against Wheeling Coin.

Napple's Bullpen and Napple filed a motion to dismiss in response to the complaint. The motion to dismiss sets forth an argument that this Court should follow the Charles v. State Farm Mutual Auto Ins. Co., 452 S.E.2d 384 (1994), and Mitcheson v. Harris, 955 F.2d 235 (4th Cir. 1992), decisions. The defendants argue that Charles and Mitcheson stand for the policy that a federal district judge should decline to entertain an insurer's declaratory judgment action when the primary litigation seeking recovery from the insured is pending in state court at the time the federal action is filed. Thus, because the Ayers action is pending in state court, the defendants argue that this Court should decline to hear the plaintiff's action.

The plaintiff filed a response in opposition to the defendants' motion to dismiss arguing that there is no pending action in state court that must be resolved before this Court can address the plaintiff's claims. Further, the plaintiff contends that this is an appropriate declaratory action because it involves nothing more than applying the insurance policy provisions to the allegations against the insured. The plaintiff goes on to state that the defendants' characterization of the Charles and Mitcheson holdings is incorrect and that in reality, the rule is that a district court should hear a declaratory judgment action and the

4

exception is to dismiss it.  Additionally, the plaintiff claims that the defendants failed to apply the Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371 (4th Cir. 1994), four factor test which the plaintiff argues is in its favor because: (1) West Virginia does not have a strong interest in deciding the action for declaratory judgment because this case provides no novel issues that are difficult, complex, or unsettled because assault and battery issues under the liquor liability exclusions have been previously addressed, and the law is clear, in West Virginia; (2) the federal courts are equally equipped to resolve the issues efficiently and may be better equipped because there are different parties in the federal action than there are in the state action, and the applicable law is well developed; (3) there is no unnecessary entanglement because there are no overlapping issues of fact or law because there is no parallel declaratory action in state court -- this Court's decision will not effect the liability issues in state court; and (4) the plaintiff is not forum shopping because there are different parties and different factual and legal issues involved in the two cases.

No reply was filed by the two defendants.  Thus, the motion to dismiss was fully briefed at the time of the evidentiary hearing.

B.  Motion for Default Judgment

In its motion for default judgment against Wheeling Coin, the plaintiff claims that it is not responsible for insuring Wheeling

5

Coin because there is an exemption in the insurance agreement which exempts coverage if Wheeling Coin violated a state alcohol law. Also, the plaintiff contends that Wheeling Coin is not entitled to coverage if an assault and battery is the crux of the underlying claim under the Habitational Combination Endorsement, which exempts from coverage assaults and battery that were caused by a patron, employee, or any other person. Additionally, the plaintiff asserts that because "occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions" under the applicable insurance policy, that the incident involving Ayers does not qualify. Further, the plaintiff argues that the other two defendants were not named as an insured in the insurance agreement with Wheeling Coin and thus are not covered. However, the plaintiff asserts that if they are covered, then the plaintiff is still not required to defend the other defendants against the claims of the injured third party based on the same reasoning exempting Wheeling Coin from its defense.

At the evidentiary hearing, the two non-defaulting defendants argued that to the extent that the plaintiff's motion applies to them, they believe an entry of default judgment by this Court would be premature. The defendants contended that there are several factual issues that have yet to be addressed and resolved because there has been limited discovery in the Ayers action. Further, the defendants asserted that the Ayers amended complaint could be

amended again as the discovery process moves forward. Finally, the defendants contended that it could be found that Napple's Bullpen is in reality Wheeling Coin but by another name and thus although the defendants are not named insureds in the policy, they may be covered because there is no distinction, in terms of control, management, etc., between Wheeling Coin and Napple's Bullpen.

The plaintiff addressed the defendants' arguments by requesting again that this Court enter a default judgment against Wheeling Coin. Further, the plaintiff argued that in looking at the four corners of the Ayers amended complaint, pursuant to West Virginia case law, the plaintiff must consider that coverage of all the defendants is possible because of Ayers' claim that the three defendants were in a "joint venture." See Ayers Am. Compl. ¶ 9. The plaintiff, however, reiterated its argument that Wheeling Coin cannot claim a right to coverage because of the alcohol and battery exemptions in the insurance policy, and because there was not an "occurrence" that would trigger coverage. Thus, even if the plaintiff assumes the complaint is true, the plaintiff would still not have a duty to provide coverage to any of the defendants nor have a duty to defend the defendants in the Ayers action.

### III. Applicable Law

A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

The Federal Rules of Civil Procedure provide that, prior to filing a responsive pleading, a defendant may challenge the

district court's subject matter jurisdiction over the claims brought against it by filing a motion to dismiss under Rule 12(b)(1). The federal district courts are courts of limited jurisdiction, and may only hear cases over which they have been granted jurisdiction either by statute or by the Constitution. When a defendant brings a motion under Rule 12(b)(1), a court must dismiss the case against it if the court finds that it "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

Once subject matter jurisdiction has been challenged, it is the plaintiff's "burden of proving that subject matter jurisdiction exists." Evans v. B. F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Further, because subject matter jurisdiction cannot be waived by the court or by the parties, and if lacking, renders the district court wholly unable to rule on any matter in controversy, in resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court "may refer to evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, F. & P. R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

B. <u>Motion for Default Judgment</u>

To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a). Under Rule 55(a), an entry of default is appropriate "[w]hen a party against

8

whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). Once default is entered by the clerk, the party may seek a default judgment under Rule 55(b)(1) or (2), depending on the nature of the relief sought. If the plaintiff's claim is for "a sum certain" or a "sum that can be made certain by computation," the plaintiff may seek entry of default judgment from the Clerk under Rule 55(b)(1). However, in cases in which the plaintiff seeks a form of relief other than liquidated damages, Rule 55(b)(2) requires plaintiff to seek an entry of default judgment from the court.

It is well-established in the United States Court of Appeals for the Fourth Circuit that default judgments are to be granted sparingly. See, e.g., Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987). "[T]rial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). However, default judgment is available "when the adversary process has been halted because of an essentially unresponsive party." S.E.C. v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980)).

A defaulting party admits the plaintiff's well-pleaded factual allegations in the complaint, in contrast to the allegations regarding damages. Ryan v. Homecomings Fin. Network, 253 F.3d 778,

780 (4th Cir. 2001). The party in default, however, is not held to admit conclusions of law. Id.

IV. Discussion

A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

In their motion to dismiss, the defendants simply state that because the plaintiff has filed this action in order to determine its rights and duties pursuant to the insurance policy, and there is a pending state court action, this Court should deny jurisdiction and abstain from hearing this action. In its response, the plaintiff goes through each of the Nautilus factors listed above and argues that this Court should retain jurisdiction based on the application of those factors to this case. This Court found, during the evidentiary hearing, that none of the Nautilus factors would require this Court to abstain from hearing this action.

Abstention is a doctrine in which a federal court will decline to adjudicate an issue over which it has jurisdiction in order to allow deference to a state court on that issue. See Nautilus, 15 F.3d 371. It is intended to allow a state court to decide issues which are more properly decided in that forum rather than in a federal court, in a context where a parallel state proceeding is ongoing concurrently with a federal proceeding. Id. at 377.

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, federal courts are not required to hear declaratory judgment actions. See

Nautilus, 15 F.3d at 375. Rather, a district court's decision to hear such a case is discretionary. Id. Initially, the Fourth Circuit in Mitcheson v. Harris, 955 F.2d 235, 237-40 (4th Cir. 1992), indicated that when determining whether to entertain a declaratory judgment action, a district court should consider:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of overlapping issues of fact or law.

Id. (as cited in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994)). Later, in Nautilus, the Fourth Circuit added that courts should also consider "whether the declaratory judgment action is being used merely as a device for 'procedural fencing' -- that is, 'to provide another forum in a race for res judicata' or 'to achieve a federal hearing in a case otherwise not removable.'" 15 F.3d at 377 (quoting 6A J. Moore, B. Ward & J. Lucas, Moore's Federal Practice, ¶ 57.08[5] (2d ed. 1993)).

    1.   State Court's Interest

The state court's interest in hearing this declaratory judgment action is not a strong one. First, this case provides no novel issues that are difficult, complex, or unsettled. This case involves an alleged assault and battery that occurred at Napple's

11

Bullpen. These issues have been previously addressed in West Virginia case law as they relate to liquor liability exclusions in an insurance policy. Further, this Court would not have to adjudicate any of the issues that are now pending in the Ayers action because the plaintiff Essex is not a party to the Ayers action. Thus, this Court would not be treading on the state court's authority to make the primary determinations of liability in the Ayers action.

2. <u>Efficiency</u>

The issues raised by the plaintiff are issues that this Court can resolve and are issues similar to those that this Court has resolved in the past. Additionally, this Court, because of its location in the Northern District of West Virginia, is familiar with West Virginia case law. Further, this Court will be able to efficiently proceed with this action.

3. <u>Entanglement</u>

Additionally, there is no unnecessary entanglement because there are no overlapping issues of fact or law between this action and the Ayers action. The Ayers action deals with claims of premises liability and a violation of the West Virginia Code, whereas this case deals with the applicability of coverage under the insurance policy in question. Further, as stated previously, the plaintiff is not a party in the Ayers action and no declaratory

relief has been asserted by any of the parties in the Ayers action against the plaintiff.

4. Procedural Fencing

Finally, the plaintiff is not forum shopping because there are different parties and different factual and legal issues involved in the two cases. The plaintiff thus cannot be said to be attempting to win a race for res judicata because the determination of declaratory relief in this Court will be much different than a liability determination in the Ayers action.

Accordingly, because the application of the Nautilus factors do not counsel in favor of this Court abstaining from hearing this action, this Court finds that it has subject matter jurisdiction in this case. Thus, the defendants' motion to dismiss is denied.

B. Motion for Default Judgment

In the Ayers amended complaint, Ayers claims that the defendants were involved in a joint venture. Thus, Ayers claims that his allegations do not simply apply to a certain defendant independently. The parties addressed the merits of their claims at the evidentiary hearing and in their briefs to this Court. This Court, however, must consider the implication of Federal Rule of Civil Procedure 54(b) which states that:

> When an action presents more than one claim for relief --
> whether as a claim, counterclaim, crossclaim, or third-
> party claim -- or when multiple parties are involved, the
> court may direct entry of a final judgment as to one or
> more, but fewer than all, claims or parties only if the
> court expressly determines that there is no just reason

13

> for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Accordingly, this Court may not enter a default judgment against Wheeling Coin in this case unless it first expressly determines that there is no just reason for delay. If no such determination can be made, then this Court must defer a finding on the merits of the claims made by the plaintiff and then proceed with the action as to the other defendants. Frow v. De La Vega, 82 U.S. 552, 554 (1872); see also Home Ins. Co. of Illinois v. Adco Oil Co., 154 F.3d 739, 741 (7th Cir. 1998) (citing Frow for the rule that "[i]n a suit against multiple defendants a default judgment should not be entered against one until the matter has been resolved as to all."); Loyless v. Oliveira, 1:09-CV-239, 2011 WL 3703535 at n.2 (E.D. Tenn. Aug. 23, 2011) ("When default is entered against one of multiple defendants in a case, the preferred practice is to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants."). The defaulting defendant thus loses his standing in court and "will not be entitled to service of notices in the cause, nor to appear in it in any way, [h]e can adduce no evidence, [and] he cannot be heard at the final hearing." Frow, 82 U.S. at 554. Thus, if the suit is found in favor of the remaining, non-defaulting defendants, then

the defaulting party is entitled to the same finding.  Id.  On the other hand, if the merits are decided against the remaining, non-defaulting defendants, the defaulting party will have the same finding applied to it.  Id.

"This principle is designed to avoid inconsistent verdicts, as it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory that was rejected with regard to answering defendants in the same action."  See Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004).  "To avoid such inconsistent results, a judgment on the merits for the answering party should accrue to the benefit of the defaulting party."  Id. (citations omitted).

In this case, this Court has not found that there is no just reason for delay.  The Ayers complaint, along with the arguments of the non-defaulting defendants as to coverage of the insurance policy, make it apparent that there are overlapping claims between the defendants.  Thus, if a default judgment on the merits was entered against Wheeling Coin at this time, there is at least a possibility that inconsistent judgments by this Court would be entered.  Also, this is not a case where the claims against the defendants are independent of each other and thus this Court may not make a determination that there is no just reason for delay. Curtiss-Wright v. General Elec. Co., 446 U.S. 1, 8 (1980) (in making such a determination the Court must consider "whether the

claims under review were separable from the other remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.").

This Court notes that deferment does not allow Wheeling Coin to participate in the action, but rather only defers judgment pending resolution of the action as to the other two non-defaulting defendants. Thus, as of December 4, 2013, because default was entered against Wheeling Coin, Wheeling Coin has no right at this time to present evidence or a right to appear in this action. Accordingly, this Court defers judgment on the plaintiff's motion for default judgment on the merits against Wheeling Coin.

## V. Conclusion

For the reasons stated above, the defendants' motion to dismiss (ECF No. 10) is DENIED and the plaintiff's motion for default judgment as to Wheeling Coin, LLC (ECF No. 14) is DEFERRED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    December 23, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE